commit a criminal act... THE GOVERNMENT
HAS FAILED TO CARRY ITS BURDEN OF PROVING
PREDISPOSITION INDEPENDENT OF ITS ATTENTION,"
JACOBSON, SUPRA. (SEE SENT. TR. Pg. 57, LN. 17-25; Pg. 58, LN 1-3)

        PETITIONER CONTENDS THAT HIS ACTIONS
REGARDING THE CRIMES FOR WHICH HE WAS
CONVICTED CAME ABOUT AFTER THE UNWARRANTED
AND UNJUSTIFIED INVESTIGATIONS, WERE THE
PRODUCT OF INDUCEMENT AND CANNOT SERVE
TO CURE THE FAULT THE GOVERNMENT INCURRED
WHEN IT VIOLATED PETITIONER'S FIRST, FOURTH,
FIFTH AND FIFTEENTH AMENDMENT RIGHTS
BY INITIATING THE INVESTIGATION OF PETITIONER.
AS THE RECORD REFLECTS IN PETITIONER'S CASE,
HE WAS PRESSURED AND INDUCED REPEATEDLY
TO COMMIT SAID CRIMES, BEFORE ECONOMIC
CIRCUMSTANCES FORCED HIS CO-DEFENDANTS
AND HIMSELF TO ACCEPT THE GOVERNMENT'S
REPEATED OFFERS, BY WAY OF ITS INFORMANT,
TO COMMIT THE CRIMES FOR WHICH HE STANDS
CONVICTED. (SEE SENT. TR. Pg. 65, LN. 18-25).
" THE GOVERNMENT NOT ONLY EXCITED JACOBSON'S
INTEREST IN MATERIAL BANNED BY LAW BUT
ALSO EXERTED SUBSTANTIAL PRESSURE ON HIM
TO OBTAIN AND READ SUCH MATERIAL AS
PART OF THE FIGHT AGAINST CENSORSHIP
AND THE INFRINGEMENT OF INDIVIDUAL RIGHTS.
THUS, RATIONAL JURORS COULD NOT FIND BEYOND

A REASONABLE DOUBT THAT JACOBSON POSSESSED
THE REQUISITE PREDISPOSITION BEFORE THE
GOVERNMENT'S INVESTIGATION AND THAT IT
EXISTED INDEPENDENT OF THE GOVERNMENT'S
MANY AND VARIED APPROACHES," JACOBSO, SUPRA.

AGAIN, PETITIONER'S CLAIM AS RAISED
HEREIN ABOVE GOES TO THE GOVERNMENT'S
INITIAL INVESTIGATION. THERE WAS NO PROBABLE
CAUSE TO SUSPECT PETITIONER OR HIS CODEFENDANTS
WERE INVOLVED IN ANY CRIMINAL ACTIVITY, AND
AS THE JUDGE IN THIS HONORABLE COURT POINTED
OUT, PETITIONER WAS NOT ENGAGED IN ANY
CRIMINAL ACTIVITY WHATSOEVER. AS A RESULT,
PETITIONER'S EQUAL PROTECTION RIGHTS WERE
ALSO VIOLATED AS HE WAS LAWFULLY ENGAGED
IN HIS PROTECTED RIGHT TO FREEDOM OF AND
TO PRACTICE RELIGION. SIMILARLY SITUATED
INDIVIDUALS, NAMELY CHURCH GOING PATRONS
OF THE CHRISTIAN FAITH, AS WELL AS JEWISH
PATRONS WORSHIPPING IN SYNAGOGUES WERE
NOT AND HAVE NOT BEEN TARGETS OF INVESTIGATIONS
OF CRIMINAL ACTIVITY, AND WITHOUT GOVERNMENT
AGENTS FIRST ESTABLISHING PROBABLE CAUSE.
THE AGENT(S) IN PETITIONER'S CASE HAD NO
PROBABLE CAUSE, NOR ANY LEGITIMATE SUSPICION
OF ANY WRONGDOING ON PETITIONER'S PART
PRIOR TO THEIR CONDUCTING AN INVESTIGATION,
INVITING THE PRESUMPTION AND LIKLIHOOD THAT

THE INVESTIGATION WAS THE RESULT OF THE
DISCRIMINATORY STEREOTYPING AND LABELING
ALL MUSLIMS AS TERRORISTS. (SEE TRANSCRIPTS
OF SENTENCING Pg. 57, LN; 17-25). WITH
RESPECT TO CLAIMS OF "INVIDIOUS DISCRIMINATION
IN CONTRAVENTION OF THE FIRST AND FIFTH
AMENDMENTS... THE PLAINTIFF MUST PLEAD
AND PROVE THAT THE DEFENDANT ACTED WITH
DISCRIMINATORY PURPOSE," ASHCROFT V. IQBAL,
556 U.S. 662, 677 129 S.CT, 1937, 173 L. Ed.
2d 868 (2009); "DISCRIMINATORY PURPOSE WAS
A MOTIVATING FACTOR IN THE [MUNICIPALITY'S]
DECISION," Vill. OF ARLINGTON HEIGHTS V. METRO.
HOUS. DEV. CORP, 429 U.S. 252, 270, 97 S. CT. 555,
50 L.Ed. 2d 450 (1977). IN WHREN V. UNITED
STATES, 517 U.S. 806, 813, 116 S.CT. 1769, 135
L.Ed. 2d 89 (1996), A CASE RELEVANT TO
PETITIONER'S CLAIMS FOR OBVIOUS REASONS,
THE SUPREME COURT RULED, IN DISTINGUISHING
BETWEEN SECTION 1983 ACTIONS BASED ON THE
FOURTH AMENDMENT, WHERE THE DEFENDANTS'
"[S]UBJECTIVE INTENTIONS PLAY NO ROLE," AND
ACTIONS BASED ON THE EQUAL PROTECTION CLAUSE,
WHICH ARE BASED ON "INTENTIONALLY DISCRIMINATORY
APPLICATION," OF THE LAW, AND FURTHER NOTING
THAT "THE CONSTITUTIONAL BASIS FOR OBJECTING
TO INTENTIONALLY DISCRIMINATORY APPLICATION
OF LAWS IS THE EQUAL PROTECTION CLAUSE, NOT

THE FOURTH AMENDMENT"; "THE EQUAL
PROTECTION CLAUSE OF THE FOURTEENTH
AMENDMENT PROVIDES CITIZENS A DEGREE
OF PROTECTION INDEPENDENT OF THE
FOURTH AMENDMENT PROTECTION AGAINST
UNREASONABLE SEARCHES AND SEIZURES",
UNITED STATES V. AVERY, 137 F.3d 343,
352 (6TH CIR. 1997); "THOUGH THE FOURTH
AMENDMENT PERMITS A PRETEXT ARREST, IF
OTHERWISE SUPPORTED BY PROBABLE CAUSE,
THE EQUAL PROTECTION CLAUSE STILL IMPOSES
RESTRAINT ON IMPERMISSIBLY CLASS-BASED
DISCRIMINATIONS," UNITED STATES V. SCOPO,
19 F.3d 777, 786 (2d CIR. 1994), HUNTER,
471 U.S. AT 255 MAKES IT CLEAR THAT A
PLAINTIFF, LIKE ONE SIMILARLY SITUATED
AS PETITIONER, MUST PROVE, BY A PREPONDERANCE
OF THE EVIDENCE, THAT THE ALLEGED
"DISCRIMINATION WAS A SUBSTANTIAL OR
MOTIVATING FACTOR" FOR THE GOVERNMENT'S
ACTION OR DECISION, BUT PETITIONER IS NOT
REQUIRED TO SHOW "... THAT A GOVERNMENT
DECISIONMAKER WAS MOTIVATED SOLELY, PRIMARILY,
OR EVEN PREDOMINANTLY BY" IMPROPER CONCERNS
BASED ON RELIGION, SEE CITY OF YONKERS, 96 F.3d
AT 611-12.

## Conclusion

PETITIONER REITERATES FOR THIS HONORABLE COURT THAT his CLAIMS ARE BROUGHT ~~HEREB~~ HEREIN AGAINST THE U.S. ATTORNEY'S OFFICE, AGENT ROBERT FULLER OF THE F.B.I. AS WELL AS ANY AND All PERSONS RESPONSIBLE FOR INITIATING AND TAKING PART IN THE INVESTIGATION OF PETITIONER FROM ITS INCEPTION, DUE TO THERE BEING A LACK OF PROBABLE CAUSE, JUSTIFICATION AND/OR REASON WARRANTING SUCH. AS WELL AS THE FACT THAT SAID INVESTIGATION WAS MOTIVATED BY DISCRIMINATORY PRACTICES AS STATED HEREIN ABOVE. All THE HEREIN ABOVE CLAIMS ARE VIOLATIONS OF PETITIONER'S FIRST, FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION WHICH SERVE TO PROTECT PETITIONER'S RIGHTS AND INTERESTS AGAINST SUCH GOVERNMENT ACTION.

PETITIONER Also REMINDS THIS HONORABLE COURT THAT HE IS PROCEEDING PRO SE IN A COMPLEX CASE WITH VERY COMPLEX ISSUES AND PRAYS FOR LIBERAL CONSTRUCTION OF THE INSTANT FILING.

IN POINTING OUT THE OBVIOUS, PETITIONER EXPLAINS TO THIS HONORABLE COURT THAT HE WAS FORCED TO PREPARE

THE INSTANT MOTION ON PEN AND PAPER
AND IN HASTE IN ORDER TO MEET HIS
ONE YEAR STATUTORY DEADLINE IN
WHICH TO FILE HIS 28 U.S.C. § 2255
MOTION. THIS WAS BECAUSE PETITIONER
SPENT A COUPLE OF MONTHS IN THE
SPECIAL HOUSING UNIT (S.H.U.) WITH LIMITED
OR NO ACCESS TO LEGAL MATERIALS
RELEVANT TO AID IN THE PREPARATION
AND FILING OF SAID MOTION. PETITIONER,
ALSO AS A RESULT, WAS UNABLE TO PURCHASE
THE REQUISITE COPIES AND TYPING MATERIALS
FOR SERVICE UPON THIS COURT AND RESPONDENT
PETITIONER DOES NOT EVEN HAVE A COPY
OF THIS MOTION FOR HIS OWN RECORDS
BECAUSE HE COULD NOT AFFORD TYPING
MATERIALS AND COPY CARDS AS HE IS AN
INDIGENT INMATE. THAT BEING THE CASE,
PETITIONER PRAYS AND REQUEST THAT
THIS HONORABLE COURT SERVE A COPY
OF THIS §2255 MOTION ON RESPONDENT
UNITED STATES, AS WELL AS SEND HIM
A COPY BACK FOR HIS OWN RECORDS.
PETITIONER ALSO PRAYS FOR AND RESERVES
THE RIGHT TO SUBMIT, IN SUPPORT OF HIS
CLAIMS RAISED HEREIN, AS WELL AS IN
REGARDS TO HIS §2255 MOTION IN GENERAL,
A SUPPLEMENT AND/OR ANY EXHIBITS/EVIDENCE

IN SUPPORT OF SAME, AT A REASONABLE TIME
IN THE VERY NEAR FUTURE.

Finally, PETITIONER NOTES FOR THIS
HONORABLE COURT, AND CONSIDERS THIS
AS ONE OF HIS CLAIMS OR, "SUPPORT" FOR
HIS CLAIMS. THE FACT THAT THE SENTENCING
COURT AGREED ON RECORD THROUGHOUT
THE SENTENCING OF PETITIONER AND
HIS CO-DEFENDANTS THAT HAD IT NOT
BEEN FOR THE GOVERNMENT'S ACTIONS,
NOT ONLY WOULD THERE NOT HAVE BEEN
ANY CRIME OR CHARGES THAT PETITIONER
AND HIS CO-DEFENDANTS WERE CHARGED
WITH AND CONVICTED OF, PETITIONER AND
HIS CO-DEFENDANTS COULD NEVER HAVE
EVEN DREAMED UP SUCH A CRIME. THE
HONORABLE JUDGE EVEN CONCLUDED THAT
IF THE GOVERNMENT WOULD HAVE JUST
KEPT AN EYE ON CROMITIE, THE EVENTS
THAT LED TO HIS ARREST, PETITIONER'S
AND THEIR OTHER CODEFENDANT'S SIMPLY
WOULD NEVER HAVE HAPPENED. STILL,
THE HONORABLE COURT, CONTRARY TO THE
REASONING DEDUCED FROM HER HONOR'S
LENGTHY SENTENCING FINDINGS, CONVICTED
AND SENTENCED PETITIONER AND HIS CO-DEFENDANTS
TO THE MANDATORY MINIMUM OF 25 YEARS.
ALSO OF IMPORT TO NOTE IS THE FACT THE

THE HONORABLE COLLEE McMAHON STATED
THAT THE JURY FOUND THAT PETITIONER
AND HIS CO-DEFENDANTS WERE NOT
ENTRAPPED AND THAT SHE SAW "NO BASIS
TO OVERTURN THEIR VERDICT." (SENT. TR.
Pg. 63, LN.25 – Pg. 64, LN. 1-2) HOWEVER,
AS PETITIONER POINTED OUT FROM THE
JACOBSON CASE DECIDED BY THE U.S.
SUPREME COURT, CLEARLY THERE WAS
REASON TO OVERTURN THE JURY'S VERDICT
BASED ON THE ENTRAPMENT DEFENSE, PETITIONER
BEING PRO SE AND A LAYMAN TO THE
COMPLEXITIES OF THE LAW DOESN'T KNOW
HOW TO SPECIFICALLY COUCH THIS CLAIM
OTHER THAN TO SAY THAT THE HONORABLE
JUDGE McMAHON'S RULING CONTRADICTED
MOST OF, IF NOT ALL, HER ASSERTIONS MADE
ON RECORD DURING PETITIONER'S SENTENCING.

PETITIONER PRAYS THAT IF THIS
HONORABLE COURT IS UNCLEAR OR UNABLE
TO INTERPRET ANY OF PETITIONER'S CLAIMS,
THAT IT AFFORD HIM AN OPPORTUNITY TO
CLARIFY FOR THIS HONORABLE COURT
"BEFORE" THIS COURT TAKES ANY ACTION
OR ISSUES A RULING REGARDING THE MATTER.

TO ESTABLISH A RECORD OF HIS COMPLAINT,
PETITIONER HIGHLIGHTS THE FACT THAT AGENT
FULLER'S INITIAL RE-ASON FOR THE INVESTIGATION

WAS ALLEGEDLY FOR "TERRORIST" ACTS/PLOTS.
REASONING THAT WAS HIGHLY TOUTED AND
PUBLICIZED. REASONING THAT WAS ALSO
LATER DETERMINED TO BE UNSUPPORTED
AND UNFOUNDED TO WHICH THE GOVERNMENT
WAS FORCED TO CONCEDE WAS NON-EXISTENT.
THE LACK OF TERRORIST ACTIVITY, AND
ANY CRIMINAL ACTIVITY FOR THAT MATTER,
BY PETITIONER AND HIS CO-DEFENDANTS
DID NOT STOP THE GOVERNMENT FROM
FURTHER INVESTIGATION OF PETITIONER
AND HIS CO-DEFENDANTS, BUT SEEMED
INSPIRE THEM TO MANUFACTURE, DICTATE
AND ORCHESTRATE A FICTIOUS TERROR
PLOT TO SEEMINGLY JUSTIFY THE UNREASONABLE
INVESTIGATION THAT ITSELF PROVED FRUITLESS.
ALL IN VIOLATION AND CONTRAVENTION OF
THE LAW AND ITS INTEGRITY THE GOVERNMENT
IS RESPONSIBLE FOR UPHOLDING, ENFORCING
AND PROTECTING, ALONG WITH THE CITIZENS,
LIKE PETITIONER, WHO IS SUBJECT TO
THAT LAW AND WAS ABIDING BY IT WHEN
THE GOVERNMENT, WITHOUT RIGHT OR
REASON, INTERSECTED ITSELF INTO HIS
LIFE.

I, ONTA WILLIAMS, A/K/A "HAMZAH", SWEAR
UNDER PENALTY OF PERJURY BY THE LAWS
OF THE UNITED STATES OF AMERICA THAT
THE HEREIN FOREGOING IS TRUE AND
CORRECT TO THE BEST OF MY KNOWLEDGE
AND BELIEF.   (28 U.S.C. § 1746).

DATED: OCTOBER 6, 2015.          /s/ Onta Will

                                 ONTA WILLIAMS
                                 PETITIONER PRO-SE

### CERTIFICATE OF SERVICE

I, ONTA WILLIAMS, SWEAR UNDER PENALTY OF
PERJURY BY THE LAWS OF THE UNITED STATES OF
AMERICA THAT I CAUSED TO BE SENT A TRUE
AND CORRECT ORIGINAL AND ONLY COPY OF THE
HEREIN 28 U.S.C. § 2255 BY PLACING SAME IN THE
PRISON MAILBOX/MAIL SYSTEM, WITH FIRST CLASS
POSTAGE PRE-PAID ON OCTOBER 6, 2015, TO:

U.S. COURTHOUSE
CLERK OF THE COURT
500 PEARL ST.
~~300 QUARROPAS ROAD~~
NEW YORK
~~WHITE PLAINS~~, NEW YORK 10007

                                 /s/ Onta Will

                                 ONTA WILLIAMS
                                 PETITIONER PRO-SE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ONTA WILLIAMS, A/K/A "HAMZAH",
                    PETITIONER/AFFIANT,

                                    CASE NO. 09 CR. 558 (CM)
          V.                         AFFIDAVIT

UNITED STATES OF AMERICA,
          RESPONDENT.

          AFFIDAVIT IN SUPPORT OF ATTACHED
          MEMORANDUM OF LAW IN SUPPORT
          OF MOTION FILED PURSUANT TO
                    28 U.S.C. § 2255

     I, ONTA WILLIAMS, A/K/A "HAMZAH" AM THE
PETITIONER/AFFIANT IN THE HEREIN ATTACHED
FILINGS, AM AT LEAST EIGHTEEN (18) YEARS
OF AGE, HAVE FIRST HAND KNOWLEDGE OF
THE FACTS RAISED IN THE INSTANT FILINGS,
AM COMPETENT, OF SOUND MIND AND STATE
AND DECLARE THE FOLLOWING SWEARING
UNDER PENALTY OF PERJURY BY THE LAWS
OF THE UNITED STATES OF AMERICA, THAT:

1.] THAT THE U.S. ATTORNEY'S OFFICE SANCTIONED