UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**UNITED STATES OF AMERICA**

v.

**ONTA WILLIAMS,**

      **Defendant**

7:09-cr-00558-CM
Hon. Colleen McMahon

---

## DEFENDANT ONTA WILLIAMS' REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR COMPASSIONATE RELEASE

Defendant Mr. Onta Williams submits this brief reply to the Government's response. The government's response, insofar as it pertains to Mr. Onta Williams, boils down to the argument that the underlying aspects of Mr. Williams' prosecution were raised in various post-trial motions and denied, and that this Compassionate Release motion seeks to re-litigate matters already decided.

The Government's response ignores the primary reason that this Court denied previous motions pertaining to entrapment, outrageous government conduct, and other associated challenges, namely that questionable and at times contradictory Circuit precedent <u>prevented</u> this Court from exercising its discretion in challenging aspects of the prosecution. The First Step Act changed this restriction. <u>See</u> Defendant's Motion for Compassionate Release, ECF Dkt. No 258 at 16-20 (discussing permissibility of considering questions of general fairness in granting compassionate release).

The government notes that this Court had "no mind" to sentence Defendants to less than twenty-five years – as it was mandated to do due to facts pertaining to the plot decided by the informant. But such an argument is tautological considering this Court was barred from considering other challenges to the sentence, not by this Court's own conscientious concerns about the arguably outrageous and incomprehensible nature of this plot or the tactics that underpinned it, but circuit precedent for which no statutory authority existed – at that time – to permit deviation.

In the government's prior response to a similar motion filed by co-defendant Laguerre Payen, the government cites various precedent suggesting that a compassionate release motion is not an appropriate vehicle to challenge the legal validity of a sentence. But Mr. O. Williams does not seek to challenge the sentence's legal validity – and indeed, if he had, he would not have included an apology reaffirming his recognition that he made a serious error of judgment by joining the plot. Rather, the motion simply seeks that this Court use its newfound discretion to consider the same underlying matters pertaining to fairness that other courts evaluating similar cases (particularly <u>Conley</u>) have considered when concluding that a release after time served is in order. That the court was previously barred from considering these arguments at all due to circuit precedent does not affect the relevance of those concerns when raised under the First Step Act.

## CONCLUSION

This Court should grant Defendant Onta Williams' motion for compassionate release.

This 10th Day of August, 2022.

                                        Respectfully submitted,

                                        /s/ Amith Gupta
                                        Amith Gupta, Esq.
                                        Coalition for Civil Freedoms
                                        26 Dinmore Road
                                        Selkirk, NY 12158
                                        (408) 355-5782
                                        amith@civilfreedoms.org
                                        amithrgupta+legal@gmail.com